Brandon S. Younesi, Esq. SBN: 326405
**JUSTICE SHIELD LAW PC**
8383 Wilshire Blvd. Ste 800
Beverly Hills, CA 90211
(424) 499-4999
Brandon@justiceshieldlaw.com

Attorneys for Plaintiffs, GABRIEL LAHIJANI and KARENDEEP "KARINA" BATH
and the Proposed Class

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| GABRIEL LAHIJANI and KARENDEEP "KARINA" BATH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>V.<br><br><br>MERCEDES-BENZ USA, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____ | CASE NO.: _____<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. PRODUCTS LIABILITY – DESIGN DEFECT;<br>2. PRODUCTS LIABILITY – FAILURE TO WARN;<br>3. NEGLIGENCE;<br>4. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER THE SONG-BEVERLY CONSUMER WARRANTY ACT (Cal. Civ. Code §§ 1791.1, 1792, 1794);<br>5. VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT (Cal. Civ. Code § 1750 et seq.)—INJUNCTIVE RELIEF ONLY;<br>6. VIOLATIONS OF UNFAIR COMPETITION LAW (Bus. & Prof. Code § 17200 et seq.);<br>7. FRAUDULENT NON-DISCLOSURE<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## NATURE OF THE ACTION

1. This class action arises from a dangerous and undisclosed design defect in certain Mercedes-AMG vehicles: a raised metallic AMG logo badge positioned on the driver's and front-passenger seats in an area reasonably expected to contact an occupant's upper back, neck, or shoulder.

2. When an affected vehicle is parked in the California sun—an ordinary and foreseeable condition—the badge can become hot enough to cause a thermal burn upon brief contact with exposed skin. No adequate warning of this hazard appears on the badge, or in the vehicle documentation provided to Plaintiffs.

3. In early 2026, Plaintiff Gabriel Lahijani ("Mr. Lahijani"), a Los Angeles resident, leased a new 2026 Mercedes-AMG E-Class vehicle from an authorized Mercedes-Benz dealership in Los Angeles, California.

4. On May 31, 2026, after the vehicle had been parked in the sun, Mr. Lahijani entered it while wearing a tank top en route to the gym. His left upper back briefly contacted the raised AMG logo badge on the driver's seat, causing immediate severe pain and a burn visibly bearing the distinctive AMG design.

5. Mr. Lahijani sought urgent-care treatment and was diagnosed with a second-degree burn. A board-certified dermatologist subsequently documented first- and second-degree burns with crusting and deflated bullae, described the injury as "AMG inscribed," attributed it to the interior car-logo plaque, photographed it, and advised Mr. Lahijani concerning wound care, likely discoloration, and possible scarring.

6. Approximately six weeks later, on July 14, 2026, Plaintiff Karendeep "Karina" Bath ("Ms. Bath"), a resident of Chatsworth, California, suffered a materially identical injury from the same defective design. After parking her Mercedes-AMG vehicle on Ventura Boulevard in Los Angeles, Ms. Bath returned to the vehicle and, while wearing a sleeveless top, entered the driver's seat. Her shoulder immediately contacted

the raised AMG logo badge on the seat, causing a burning sensation. She did not initially realize she had been burned; over the following days, a mark in the shape of the AMG logo darkened and became visible on her skin, consistent with a thermal contact burn.

7. Ms. Bath's vehicle was purchased and the same challenged badge design is present on both the driver's and front-passenger seats of her vehicle, consistent with the badge's presence on Mr. Lahijani's vehicle.

8. The distinct mechanism of injury—sun exposure followed by skin contact with the raised metal badge while wearing clothing that left the shoulder area exposed—was materially the same for both Plaintiffs, notwithstanding that their vehicles, purchase methods, and injury dates differed.

9. Neither Plaintiff misused their vehicle. Parking an automobile in the sun and wearing clothing that leaves the shoulder exposed while entering it on a warm Los Angeles day are ordinary and foreseeable.

10. MBUSA placed into the stream of commerce vehicles containing a raised metallic emblem in an occupant-contact zone without an adequate thermal safeguard, warning, or disclosure. The same alleged defect produces both a present economic injury—the need for an effective replacement—and the risk of precisely the physical injuries suffered by Mr. Lahijani and Ms. Bath.

11. Plaintiffs bring this action under Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and, alternatively, 23(c)(4), on behalf of persons who purchased or leased Mercedes-AMG vehicles equipped with the challenged raised AMG logo badge in California.

12. Plaintiffs assert claims for strict products liability (design defect and failure to warn), negligence, breach of the implied warranty of merchantability under the Song-Beverly

Consumer Warranty Act, violations of the Consumers Legal Remedies Act ("CLRA") and Unfair Competition Law ("UCL"), and fraudulent non-disclosure.

13. Plaintiffs seek individual compensatory and punitive damages; relief available under Song-Beverly and the UCL; and prospective relief requiring notice and an effective, no-cost repair or replacement that eliminates the thermal-contact hazard. In this original Complaint, Plaintiffs seek only injunctive relief under the CLRA and reserve the right to amend to seek CLRA damages after satisfying Civil Code section 1782.

## JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), because: (a) the proposed Class exceeds 100 members; (b) at least one Class member is a citizen of a state different from at least one Defendant; and (c) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. The proposed relief includes the aggregate cost of an effective replacement for affected vehicles, restitution, and other recoverable monetary relief. The precise number of affected vehicles and replacement cost are reflected in records and component data maintained by MBUSA and are not presently available to Plaintiffs.

15. This Court has supplemental jurisdiction over Plaintiffs' and the Class members' California-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy within the Court's original CAFA jurisdiction.

16. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred in Los Angeles County, within the Western Division of the Central District of California. Mr. Lahijani resides in Los Angeles County, leased the vehicle from an authorized dealership in Los Angeles County, and sustained his burn injury in Los Angeles County. Ms. Bath

resides in Chatsworth, within Los Angeles County, and sustained her burn injury in Los Angeles County.

17. MBUSA regularly transacts business in this District through an extensive network of authorized Mercedes-AMG dealerships throughout Los Angeles County and Southern California.

## PARTIES

### A. Plaintiffs

18. Plaintiff Gabriel Lahijani is an individual residing in Los Angeles, California, and a citizen of the State of California.

19. In early 2026, Mr. Lahijani leased a new 2026 Mercedes-AMG E-Class vehicle from an authorized Mercedes-Benz dealership in Los Angeles, California. The vehicle was equipped with the challenged raised AMG logo badge on the driver's seat.

20. On May 31, 2026, following sun exposure to the parked vehicle, Mr. Lahijani sustained a second-degree burn to his left upper back upon direct skin contact with the heated metal AMG badge while wearing a tank top.

21. Mr. Lahijani was treated at urgent care and subsequently evaluated by a board-certified dermatologist. The dermatologist documented first- and second-degree burns, including crusting and deflated bullae; described the injury as "AMG inscribed"; attributed the burn to the interior car-logo plaque; photographed the injury; and advised Mr. Lahijani that discoloration was likely and scarring could not yet be ruled out.

22. Plaintiff Karendeep "Karina" Bath is an individual residing in Chatsworth, California, and a citizen of the State of California.

23. Ms. Bath purchased, for cash, a Mercedes-AMG vehicle equipped with the challenged raised AMG logo badge on both the driver's and front-passenger seats.

24. On July 14, 2026, after her vehicle had been parked on Ventura Boulevard in Los Angeles while she had lunch, Ms. Bath sustained a burn to her shoulder upon direct skin contact with the heated metal AMG badge while wearing a sleeveless top. A mark in the distinctive shape of the AMG logo subsequently appeared and darkened on her skin over the following days, consistent with a thermal contact burn.

**B. Defendant**

25. Defendant Mercedes-Benz USA, LLC ("MBUSA") is a limited liability company organized under the laws of Delaware, registered to do business in California.

26. MBUSA's principal place of business is located at One Mercedes-Benz Drive, Sandy Springs, Georgia 30328. MBUSA is therefore a citizen of Delaware and Georgia for purposes of diversity and CAFA jurisdiction under 28 U.S.C. § 1332(c)(1) and (d)(10).

27. MBUSA distributes, markets, warrants, and places Mercedes-Benz and Mercedes-AMG vehicles into the stream of commerce in the United States, including the vehicles leased or purchased by Plaintiffs and other vehicles equipped with the challenged badge.

28. On information and belief, MBUSA participates in specifying, approving, testing, and/or implementing the vehicle components and warnings used in vehicles sold or leased in the United States.

29. Plaintiffs are ignorant of the true names and capacities of Defendants sued as DOES 1 through 50, inclusive, and therefore sue these Defendants by fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

30. On information and belief, the Doe Defendants include component manufacturers, suppliers, and distributors responsible for the design, manufacture, or specification of the AMG logo badge.

## STATEMENT OF FACTS

### A. The AMG Logo Badge Defect

31. Mercedes-AMG is Mercedes-Benz's performance marque. AMG vehicles are marketed and leased or sold as premium vehicles featuring distinctive AMG-branded interior details.

32. Certain Mercedes-AMG vehicles, including the vehicles leased and purchased by Plaintiffs, contain a raised metallic AMG logo badge on the driver's and front-passenger seats. The three-dimensional emblem is positioned in an area that can contact an occupant's upper back, neck, or shoulder during ordinary entry, seating, or movement.

33. Vehicle interiors exposed to sunlight can reach temperatures substantially above ambient temperature. Metallic interior components conduct and transfer thermal energy rapidly. A raised metallic surface located in an occupant-contact area can therefore present a concentrated thermal-contact hazard when the vehicle is parked in the sun.

34. The challenged badge's material, raised design, placement, and limited contact area can cause heat to transfer rapidly to exposed skin. The danger is not apparent to an occupant before contact and is not eliminated by ordinary and foreseeable vehicle use.

35. On information and belief, the challenged badge was specified, approved, distributed, and installed without an adequate thermal safeguard, insulating surface, protective covering, or placement outside the reasonably foreseeable occupant-contact zone.

36. Feasible alternatives existed and exist, including a visually comparable heat-resistant polymer emblem, a leather- or fabric-covered embossed design, a thermally insulated composite, an effective insulating or protective surface, or placement outside the reasonably foreseeable occupant-contact area.

37. No warning, caution, or safety notice provided with either Plaintiff's vehicle alerted them that the raised AMG logo badge could become hot enough during ordinary sun exposure to cause a thermal burn upon contact with exposed skin.

38. A reasonable purchaser or lessee of a premium Mercedes-AMG vehicle would not expect an interior emblem intentionally placed in an occupant-contact area to cause first- and second-degree burns during ordinary use.

39. On information and belief, MBUSA knew or should have known of the hazard through the design, materials selection, validation, hot-weather evaluation, and safety testing necessary to approve an interior metallic component for occupant-contact areas; its access to field, dealer, warranty, and consumer data; and established engineering knowledge concerning foreseeable vehicle-interior temperatures and thermal contact with metallic surfaces. The nature and extent of MBUSA's pre-sale knowledge are particularly within its possession and will be the subject of discovery.

## B. **Plaintiff Gabriel Lahijani's Injury**

40. In early 2026, Mr. Lahijani leased a new 2026 Mercedes-AMG E-Class vehicle from an authorized Mercedes-Benz dealership in Los Angeles. The vehicle was delivered with the challenged raised AMG logo badge on the driver's seat.

41. On May 31, 2026, Mr. Lahijani's vehicle had been parked in the sun in Los Angeles. While wearing a tank top en route to the gym, he entered the driver's seat and his left upper back briefly contacted the raised AMG badge. He immediately experienced severe pain and discomfort.

42. Mr. Lahijani sought treatment at an urgent care facility, where he was diagnosed with a second-degree burn to his left upper back. The second-degree burn was confirmed by the presence of blisters at the site of contact.

43. On June 3, 2026, a board-certified dermatologist examined Mr. Lahijani. The physician documented first- and second-degree burns with crusting and deflated bullae, described the injury as "AMG inscribed," attributed it to the interior car-logo plaque, and photographed it. The physician advised that discoloration was likely and that the presence and severity of future scarring could not yet be determined.

44. The distinctive configuration of the burn on Mr. Lahijani's left upper back visibly corresponded to the AMG logo badge on the driver's seat.

45. At all relevant times, Mr. Lahijani used the vehicle in an ordinary and reasonably foreseeable manner. He did not alter or misuse the challenged badge. The badge remains present in the leased vehicle, and without an effective replacement or repair, Mr. Lahijani remains exposed to the hazard during ordinary vehicle use.

C. **Plaintiff Karendeep "Karina" Bath's Injury**

46. Ms. Bath purchased, for cash, a Mercedes-AMG vehicle equipped with the challenged raised AMG logo badge on both the driver's and front-passenger seats.

47. On July 14, 2026, Ms. Bath parked her vehicle on Ventura Boulevard in Los Angeles and had lunch with a friend at a nearby restaurant for approximately ninety minutes. Upon returning to the vehicle, Ms. Bath and her friend entered simultaneously, with the friend seated in the front-passenger seat.

48. Immediately upon sitting down, Ms. Bath experienced a burning sensation at her shoulder, which she initially attributed to ordinary heating of the leather seat. The sensation persisted and worsened over the following minutes.

49. Ms. Bath did not immediately realize she had sustained a burn. Over the following days, she observed that a mark on her shoulder was darkening rather than fading, and upon closer inspection recognized that the mark bore the distinctive shape of the AMG logo, corresponding to the raised metal badge on her vehicle's seat.

50. Ms. Bath is currently obtaining a formal medical diagnosis of her injury, including documentation of the burn's degree and any treatment plan. Plaintiffs will supplement or amend these allegations as that documentation is obtained.

51. At all relevant times, Ms. Bath used the vehicle in an ordinary and reasonably foreseeable manner. She did not alter or misuse the challenged badge. The badge remains present in her vehicle on both the driver's and front-passenger seats, and without an effective replacement or repair, Ms. Bath remains exposed to the hazard during ordinary vehicle use.

D. **MBUSA's Knowledge and Failure to Act**

52. MBUSA previously defended Callaway v. Mercedes-Benz USA, LLC, Case No. 8:14-cv-02011-JVS (C.D. Cal.), which involved allegations that interior seating components in certain Mercedes-Benz vehicles overheated and caused occupant burns. Although Callaway concerned a different heating mechanism, it placed MBUSA on notice of the serious consequences of thermal hazards in vehicle seating areas and the need for adequate testing, warnings, and corrective measures.

53. Independent of Callaway, MBUSA knew or should have known that California vehicles are foreseeably parked in direct sunlight and that metallic interior components positioned where occupants may contact them must be evaluated for safe skin-contact temperatures.

54. Despite that knowledge, MBUSA leased and sold affected Mercedes-AMG vehicles without providing an adequate thermal-contact warning or an effective replacement for the challenged badge.

55. The details of MBUSA's design validation, material specifications, temperature testing, field data, complaints, warranty information, and internal communications are uniquely within MBUSA's control and are expected to show when MBUSA learned of the challenged badge's propensity to reach unsafe contact temperatures.

CLASS ACTION COMPLAINT - 10

56. MBUSA has not provided either Plaintiff with a warning, protective covering, replacement badge that eliminates the alleged hazard. As a result, affected vehicles remain in use with the challenged component.

## CLASS ACTION ALLEGATIONS

57. Plaintiffs bring this action under Rules 23(a), 23(b)(2), 23(b)(3), and, alternatively, 23(c)(4), individually and on behalf of the classes and subclass defined below.

### A. Class Definition

58. Plaintiffs propose the following classes and subclass, subject to refinement through discovery: California Class: All persons in California who, during the four years preceding the filing of this action through the date of class certification, purchased or leased a Mercedes-AMG vehicle equipped with a raised metallic AMG logo badge positioned on the driver's or front-passenger seat in an area reasonably expected to contact an occupant. Current Owner/Lessee Replacement Class: All persons in California who currently own or lease such a vehicle, whose vehicle remains equipped with the challenged badge, and who have not received an effective repair or replacement eliminating the alleged thermal-contact hazard. Song-Beverly Subclass: All members of the California Class who acquired a new affected vehicle in California as an original retail purchaser or qualifying lessee for personal, family, or household purposes and whose implied warranty claim is timely under applicable law. Thermal-Injury Subclass: All members of the California Class who sustained a burn or other physical injury through contact with the heated AMG logo badge. Collectively, these groups are referred to as the "Class" except where differentiation is necessary.

59. Excluded are: (a) the presiding judicial officer and immediate family or judicial staff; (b) MBUSA and its officers and directors; (c) persons who validly released the claims asserted here; and (d) persons who timely and validly request exclusion from any Rule 23(b)(3) class certified by the Court.

60. Plaintiffs reserve the right to modify the definitions and identify specific models, model years, seat configurations, badge designs, and component part numbers after discovery concerning when the challenged design was introduced, modified, or discontinued.

## B. **Rule 23(a) Prerequisites**

61. Numerosity. Joinder is impracticable. MBUSA distributed, sold, and leased numerous Mercedes-AMG vehicles in California during the Class period. The precise number and identity of Class members can be determined from MBUSA's vehicle-identification, sales, lease, warranty, and component records and records available from its authorized dealers.

62. Commonality. Common questions capable of classwide resolution include: (a) whether the raised metal AMG seat logo badge constitutes a design defect under California law; (b) whether MBUSA knew or should have known that the badge could reach temperatures sufficient to cause burns to occupants with exposed skin under ordinary California conditions; (c) whether MBUSA had a duty to disclose the burn hazard prior to sale; (d) whether MBUSA intentionally concealed and failed to disclose the burn hazard; (e) whether MBUSA's conduct constitutes strict products liability for failure to warn under California law; (f) whether MBUSA's conduct violates the Song-Beverly Consumer Warranty Act, the CLRA, and the UCL; (g) whether a common repair or replacement can eliminate the alleged hazard and whether MBUSA should provide it without charge; (h) whether MBUSA's common conduct caused economic injury measured by the cost of an effective replacement and/or the difference between the value represented and the value delivered; (i) whether the affected vehicles were merchantable; and (j) whether Class members are entitled to restitution, other available relief, and attorneys' fees.

63. Typicality. Plaintiffs each acquired a vehicle containing the challenged badge during the Class period, did not receive a warning or effective replacement, suffered the same alleged economic injury and ongoing replacement need as the Class, and each

sustained a physical injury defining the Thermal-Injury Subclass through the same causal mechanism—sun exposure followed by skin contact with the raised metal badge. Their additional physical damages arise from the same alleged defect and do not conflict with the Class's interest in proving that defect and obtaining effective relief.

64. Adequacy. Plaintiffs will fairly and adequately protect the Class. Each understands the responsibilities of a proposed class representative, has authorized prosecution of the class claims, has no interest antagonistic to the Class, and has retained counsel to prosecute this action.

## C. Rule 23(b)(2) -- Injunctive Relief

65. Certification under Rule 23(b)(2) is appropriate for the Current Owner/Lessee Replacement Class because MBUSA has acted or refused to act on grounds generally applicable to that Class. Prospective relief requiring MBUSA to provide notice and an effective, no-cost repair or replacement eliminating the alleged hazard would apply uniformly.

## D. Rule 23(b)(3) -- Damages Class

66. Certification under Rule 23(b)(3) is appropriate because common questions predominate over individualized questions concerning the challenged design, its thermal properties, MBUSA's knowledge and omissions, the absence of adequate warnings, and the availability and cost of a common replacement. A class action is superior because the cost of individual litigation would be disproportionate to the replacement-related economic loss of most Class members and separate actions would risk inconsistent adjudications.

## E. Rule 23(c)(4)—Issue Certification

67. Alternatively, certification under Rule 23(c)(4) is appropriate for common issues including: the challenged badge's design and material characteristics; whether it can reach unsafe contact temperatures during foreseeable use; whether the design is

defective; whether feasible safer alternatives existed; MBUSA's knowledge; the adequacy of warnings and disclosures; and whether a common repair or replacement can eliminate the hazard. Resolution of these issues would materially advance the litigation even if individual injury or damages questions require separate proceedings.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Strict Products Liability—Design Defect)**
**(By Plaintiffs Individually, on Behalf of the Thermal-Injury Subclass, and for Common-Issue Treatment Against All Defendants)**

68. Plaintiffs reallege and incorporate by reference each and every allegation contained above as though fully set forth herein.

69. At all relevant times, Defendants were in the business of designing, manufacturing, distributing, specifying, approving, and/or selling affected Mercedes-AMG vehicles and the challenged badge component. Defendants placed the vehicles into the stream of commerce in California.

70. The challenged badge was defectively designed under the consumer-expectations test. An ordinary consumer would not expect an interior emblem positioned in an occupant-contact area to become hot enough during foreseeable sun exposure to cause first- and second-degree burns upon brief contact.

71. The badge was also defective under the risk-benefit test. The risk of painful thermal burns, blistering, discoloration, scarring, and medical treatment outweighs any marginal aesthetic benefit of using the challenged raised metallic design and placement. Feasible alternatives included a heat-resistant emblem, protective surface, effective insulation, or placement outside the occupant-contact area.

72. The defect was a substantial factor in causing Mr. Lahijani's and Ms. Bath's injuries. The existence and nature of the common design, its capacity to reach unsafe

temperatures, and the availability of a common replacement are also appropriate for classwide or Rule 23(c)(4) issue adjudication.

73. As a direct and proximate result of the design defect, Plaintiffs have suffered and continue to suffer damages including medical expenses, pain and suffering, emotional distress, and permanent or temporary scarring and disfigurement, in amounts to be proven at trial.

## SECOND CAUSE OF ACTION
### (Strict Products Liability -- Failure to Warn)
### (By Plaintiffs Individually and on Behalf of the Class Against All Defendants)

74. Plaintiffs reallege and incorporate by reference each and every allegation contained above as though fully set forth herein.

75. The AMG logo badge was further defective in that it lacked any warning, caution, or safety notice alerting consumers that the metal badge could reach temperatures sufficient to cause serious burns upon contact with exposed skin under ordinary California conditions.

76. Defendants knew or should have known of the hazard through their design, materials selection, validation and safety testing, access to field and warranty data, and established engineering knowledge concerning foreseeable vehicle-interior temperatures and skin contact with metallic surfaces.

77. MBUSA had a duty to warn consumers of the burn hazard prior to sale and to include appropriate warnings in the vehicle's documentation and on or near the seat badge. MBUSA breached that duty entirely -- no warning of any kind was provided.

78. Had Plaintiffs received an adequate warning, they would have avoided exposed-skin contact, demanded an effective replacement, or declined to lease or purchase their vehicles on the terms charged. A uniform warning would likewise have allowed Class members to protect themselves and seek correction of the challenged design.

79. The absence of an adequate warning was a substantial factor in causing Plaintiffs' injuries. The adequacy of MBUSA's uniform warnings and disclosures is also appropriate for classwide or Rule 23(c)(4) issue adjudication.

## THIRD CAUSE OF ACTION
### (Negligence)
### (By Plaintiffs Individually, on Behalf of the Thermal-Injury Subclass, and for Common-Issue Treatment Against All Defendants)

80. Plaintiffs reallege and incorporate by reference each and every allegation contained above as though fully set forth herein.

81. Defendants owed Plaintiffs and foreseeable vehicle occupants a duty to exercise reasonable care in designing, specifying, testing, distributing, and warning about an interior component positioned where it could contact exposed skin during ordinary vehicle use.

82. Defendants breached that duty by approving and distributing the challenged badge without adequate thermal safeguards; failing to conduct or heed reasonable hot-weather and skin-contact testing; failing to provide an adequate warning; and failing to provide an effective repair or replacement after learning or having reason to learn of the hazard.

83. The breach was a substantial factor in causing Mr. Lahijani's and Ms. Bath's burns. Each Plaintiff used their vehicle in an ordinary and reasonably foreseeable manner.

84. As a direct and proximate result of MBUSA's negligence, Plaintiffs suffered and continue to suffer damages including medical expenses, pain and suffering, emotional distress, and permanent or temporary scarring.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability Under the Song-Beverly Consumer Warranty Act)
### (Cal. Civ. Code §§ 1791.1, 1792, 1794)

**(By Plaintiffs Individually and on Behalf of the Song-Beverly Subclass Against MBUSA)**

85. Plaintiffs reallege and incorporate by reference each and every allegation contained above as though fully set forth herein.

86. Plaintiffs' vehicles and the affected vehicles are "consumer goods" under Civil Code section 1791. Mr. Lahijani acquired his new vehicle in California through a lease exceeding four months for personal, family, or household use from a lessor regularly engaged in leasing such vehicles and therefore is a "buyer" entitled to Song-Beverly protection. Ms. Bath acquired her new vehicle in California through a retail purchase for personal, family, or household use and therefore is likewise a "buyer" entitled to Song-Beverly protection. MBUSA is the manufacturer and distributor of the affected vehicles.

87. Under Civil Code sections 1791.1 and 1792, MBUSA impliedly warranted that the affected vehicles were merchantable, including that they were fit for the ordinary purposes for which such vehicles are used, adequately contained, packaged, and labeled, and conformed to the promises or affirmations of fact made on their containers or labels.

88. A vehicle containing an undisclosed interior component capable of causing first- and second-degree burns during foreseeable use is not of merchantable quality or fit for its ordinary purpose.

89. MBUSA breached the implied warranty of merchantability by distributing new affected vehicles containing an undisclosed interior component capable of causing thermal burns during ordinary and foreseeable use, without an effective warning or correction.

90. As a direct and proximate result, Plaintiffs and Song-Beverly Subclass members suffered actual damages, including the loss in value and reasonable cost of an effective replacement, in amounts to be proven. Plaintiffs also suffered consequential physical

injury and related damages. Plaintiffs seek recovery under Civil Code section 1794, including costs and reasonable attorneys' fees. Plaintiffs reserve any claim for a civil penalty unless and until facts supporting willfulness are developed.

### FIFTH CAUSE OF ACTION
**(Violations of the Consumers Legal Remedies Act)**
**(Cal. Civ. Code § 1750 et seq.)**
**(By Plaintiffs Individually and on Behalf of the California Class Against MBUSA—Injunctive Relief Only in This Original Complaint)**

91. Plaintiffs reallege and incorporate by reference each and every allegation contained above as though fully set forth herein.

92. Plaintiffs are "consumers," the affected vehicles are "goods," and Plaintiffs' lease and purchase, respectively, are each a "transaction" within the meaning of Civil Code section 1761 because Plaintiffs acquired their vehicles by lease or purchase for personal, family, or household purposes.

93. In connection with the sale and lease of affected vehicles, MBUSA represented, including through the vehicles' premium AMG branding and safety-related omissions, that the vehicles and their interior components had characteristics, benefits, uses, and qualities they did not have, and were of a particular standard or quality when they were of another, in violation of Civil Code section 1770(a)(5) and (7).

94. The undisclosed thermal-contact hazard was material. A reasonable consumer would consider it important that an interior emblem positioned for foreseeable occupant contact could cause first- and second-degree burns during ordinary use.

95. MBUSA had exclusive or superior knowledge of material facts concerning the badge's design, composition, placement, validation, foreseeable temperatures, and skin-contact risk, and failed to disclose those facts before Plaintiffs' transactions. Neither Plaintiff knew, nor could either reasonably have discovered, the hazard before leasing or purchasing their vehicle.

96. Plaintiffs relied on the absence of a safety disclosure and on the representation that they were acquiring premium vehicles suitable for ordinary and safe occupancy. Had the hazard been disclosed, Plaintiffs would not have leased or purchased their vehicles on the same terms and would have required an effective correction.

97. The challenged badge remains in each Plaintiff's vehicle. Plaintiffs continue to face an actual and imminent risk of contact with it during ordinary use, cannot rely on MBUSA's current safety representations without an effective correction, and therefore seek prospective relief preventing continued deception and requiring adequate notice and an effective no-cost repair or replacement.

98. Under Civil Code section 1782(d), Plaintiffs may commence an action for injunctive relief without first providing the notice required for damages. This original Complaint seeks only injunctive relief under the CLRA. Plaintiffs will provide notice complying with section 1782(a) and reserve the right, after expiration of the statutory period and absent an appropriate correction, to amend this cause of action to seek damages and other relief authorized by Civil Code section 1780.

**SIXTH CAUSE OF ACTION**
**(Violations of California Unfair Competition Law)**
**(Bus. & Prof. Code § 17200 et seq.)**
**(By Plaintiffs Individually and on Behalf of the Class Against MBUSA)**

99. Plaintiffs reallege and incorporate by reference each and every allegation contained above as though fully set forth herein.

100. California Business and Professions Code section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice." MBUSA's conduct constitutes unfair competition under each prong:

101. Unlawful. MBUSA's conduct violates the Song-Beverly Consumer Warranty Act, Civil Code sections 1791.1, 1792, and 1794; the CLRA, Civil Code section 1770(a)(5)

and (7); and California law concerning the distribution of defective products and concealment of material safety information.

102.   Unfair. MBUSA's distribution and leasing or sale of affected Mercedes-AMG vehicles without disclosing the alleged thermal-contact hazard, and its failure to provide an effective replacement, cause substantial consumer injury that is not reasonably avoidable and is not outweighed by countervailing benefits.

103.   Fraudulent. The omission of an alleged burn hazard in an interior component positioned for foreseeable occupant contact is likely to deceive a reasonable consumer. A reasonable Mercedes-AMG consumer would expect that ordinary contact with a seat emblem will not cause a thermal burn.

104.   Plaintiffs and Class members suffered injury in fact and lost money or property because they paid lease or purchase amounts for vehicles containing an undisclosed defect and did not receive vehicles of the value represented. The cost of an effective replacement provides a common measure of the present economic impact and replacement need. Plaintiffs also incurred medical expenses as individual damages.

105.   Under Business and Professions Code section 17203, Plaintiffs and the Class seek restitution and prospective relief requiring notice and an effective, no-cost repair or replacement. Plaintiffs seek nonduplicative equitable relief to the extent legal remedies are inadequate and attorneys' fees under Code of Civil Procedure section 1021.5 and other applicable law.

**SEVENTH CAUSE OF ACTION**
**(Fraudulent Non-Disclosure and Concealment)**
**(By Plaintiffs Individually and on Behalf of the Class Against MBUSA)**

106.   Plaintiffs reallege and incorporate by reference each and every allegation contained above as though fully set forth herein.

107. On information and belief, before Plaintiffs' respective lease and purchase, MBUSA possessed material information concerning the challenged badge's design, composition, placement, foreseeable temperatures, validation testing, and skin-contact risk that was not reasonably available to consumers. The details of that knowledge are particularly within MBUSA's possession.

108. The alleged hazard is material. A reasonable consumer would consider it important in deciding whether and on what terms to purchase or lease a vehicle if an interior emblem could cause first- and second-degree burns during ordinary use.

109. MBUSA had a duty to disclose material safety information within its exclusive or superior knowledge concerning the challenged component. Plaintiffs could not reasonably discover the badge's propensity to reach unsafe contact temperatures before leasing or purchasing their vehicles.

110. On information and belief, MBUSA intentionally omitted the alleged hazard from the vehicle documentation and sales or lease disclosures to preserve demand for affected vehicles and avoid the cost of redesign, replacement, warnings, and corrective action.

111. Mr. Lahijani leased his 2026 Mercedes-AMG E-Class from an authorized Los Angeles dealership, and Ms. Bath purchased her Mercedes-AMG vehicle, in each case without knowledge of the alleged hazard. Had it been disclosed, neither Plaintiff would have leased or purchased their vehicle on the same terms, and each would have required an effective correction.

112. As a direct result of the alleged concealment, Plaintiffs and Class members paid amounts for vehicles worth less than represented and face the cost and need for an effective replacement. Plaintiffs additionally suffered medical costs, pain, discoloration, and possible scarring.

113.    On information and belief, MBUSA's conduct was undertaken or ratified by officers, directors, or managing agents responsible for vehicle safety, component approval, warnings, and corrective action, with conscious disregard for occupant safety. Plaintiffs seek punitive damages under California Civil Code section 3294 to the extent permitted by proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Gabriel Lahijani and Karendeep "Karina" Bath, individually and on behalf of all Class members, respectfully pray for judgment against Defendant Mercedes-Benz USA, LLC as follows:

A. An order certifying the California Class, Current Owner/Lessee Replacement Class, Song-Beverly Subclass, and Thermal-Injury Subclass under Rules 23(a), 23(b)(2), and/or 23(b)(3), or alternatively certifying appropriate common issues under Rule 23(c)(4), appointing Plaintiffs as Class Representatives, and appointing Justice Shield Law PC as Class Counsel;

B. Prospective relief requiring MBUSA to: (1) provide an effective, no-cost repair or replacement eliminating the alleged thermal-contact hazard; (2) notify current owners and lessees of the hazard and available correction; and (3) provide adequate warnings until the correction is completed;

C. Compensatory and actual damages for Plaintiffs' individual claims, including all medical expenses, pain and suffering, emotional distress, and permanent or temporary scarring and disfigurement, in amounts to be proven at trial;

D. Actual damages and other relief available under Song-Beverly, including reasonable attorneys' fees and costs under Civil Code section 1794; restitution and other nonduplicative relief restoring amounts in which Plaintiffs and Class members have an ownership interest, measured as permitted by law; and no CLRA damages unless and until Plaintiffs amend after satisfying Civil Code section 1782;

E. Punitive damages on Plaintiffs' individual claims and, if certified and legally permissible, the Thermal-Injury Subclass claims, under California Civil Code section 3294;

F. Appropriate declaratory relief concerning the challenged design, warnings, and MBUSA's obligation to provide an effective correction;

G. Attorneys' fees and costs under Civil Code sections 1780 and 1794, Code of Civil Procedure section 1021.5, and other applicable law, as and when authorized;

H. Prejudgment and post-judgment interest to the extent permitted by law; and

I. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs Gabriel Lahijani and Karendeep "Karina" Bath hereby demand a trial by jury on all issues so triable.

Dated: August 5, 2026                                    **JUSTICE SHIELD LAW PC**

_____

Brandon S. Younesi, Esq.
Attorneys for Plaintiffs, **GABRIEL LAHIJANI** and **KARENDEEP "KARINA" BATH** and the Proposed Class

CLASS ACTION COMPLAINT - 23